UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER MERRIE BRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>S. HOLLEY, R.N.,<br><br>    Defendant.<br>_____/ | CV F   01 6517 REC SMS P<br><br>ORDER INFORMING PLAINTIFF OF FEE AMOUNTS FOR WITNESS ATTENDANCE<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE COURTESY COPY OF DOCUMENT 70 ON DEFENDANT |

    Amber Merrie Bray ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On August 29, 2005, Plaintiff submitted a letter to the Court titled "To Whom It May Concern" in which she notifies the Court that she requires the presence of three employees of the California Correctional Women's Facility ("CCWF") at Chowchilla, California.   In addition, Plaintiff requests two blank subpoenas to serve two witnesses who are willing to testify but require documentation for their employers.

    The Court's Amended Second Scheduling Order informed Plaintiff of the procedures she must follow to obtain the attendance of incarcerated witnesses and unincarcerated witnesses who are willing or who refuse to testify.  Here, Plaintiff informs the Court that she requires the presence of Correctional Lieutenant S.L. Kent, Correctional Officer R. Overstreet, and Medical Technical Assistant ("MTA") SadSad.  In addition, Plaintiff requests two extra blank subpoenas

to serve two more individuals who are willing to testify but who cannot leave their employment without a court order or subpoena.

As indicated in the Amended Second Scheduling Order, a Plaintiff seeking a witness's presence who is refusing to testify must submit the appropriate sum of money to cover the daily witness fee and transportation expenses. In this case, because all of the individuals are employed at CCWF at Chowchilla, the money order for *each witness* must be in the amount of $ 69.97 and submitted to the Court on or before September 20, 2005.[1] Upon receipt of the money orders, the Court will complete the subpoena and order service on the witness by the United States Marshall. **The subpoena will not be served on the unincarcerated witness by the United States Marshall unless the money order is tendered to the court.**

With respect to the two unidentified individuals Plaintiff seeks blank subpoenas, the Court will not issue a blank subpoena for unknown individuals. Even where a witness is willing to testify but requires a court order or subpoena, Plaintiff must identify the individual to be served and must make a written offer of proof from the individual as to whether he or she is willing to testify and what that testimony might be.

The Court notes further that Plaintiff has named numerous witnesses in her pretrial statement, however, she has not submitted the appropriate motions to obtain the attendance of these witnesses as is required by the Amended Scheduling Order. Although Plaintiff may call any of the named defendants as witnesses, she may not call any other of Defendant's witnesses unless they are present and listed on Plaintiff's pretrial statement. Plaintiff may cross-examine any other witness that Defendant calls to testify.

Finally, the Court notes that Plaintiff's letter does not contain an attached proof of service. Pursuant to the Local Rules and the Federal Rules of Civil Procedure, all pleadings filed with the Court must be served on the opposing party. Local Rule 5-135(b); Fed.R.Civ.P. 5. Any future communications with the Court that are not served on the opposing party will be stricken

---

[1] This amount covers the daily witness fee of $40.00 plus travel expenses in the amount of $29.97. In the event the witnesses is required to testify on more than one day, Plaintiff will be required to tender the daily witness fee and travel fees again.

from the record.

      Accordingly, the Court HEREBY ORDERS:

1. Plaintiff is informed that she must tender a money order payable to Lt. Kent, C/O Overstreet and MTA Sad Sad in the amount of $ 69.97 on or before the deadline of September 20, 2005, set forth in the Court's Amended Second Scheduling Order.

2. The Clerk of Court is DIRECTED to SERVE a courtesy copy of Document 70 Plaintiff's "Notice" filed on August 29, 2005, on Defendant.

IT IS SO ORDERED.

**Dated:   September 6, 2005**           /s/ Sandra M. Snyder
b6edp0                                    UNITED STATES MAGISTRATE JUDGE