1  BILL LOCKYER
   Attorney General of the State of California
2  THOMAS D. MCCRACKIN
   Supervising Deputy Attorney General
3  ROBERT L. COLLINS, State Bar No. 104319
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 324-5266
6   Fax: (916) 322-8288

7  Attorneys for Defendant S. Holley

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      FRESNO DIVISION

12

| | |
|---|---|
| **AMBER MARIE BRAY,** | CASE NO. CIV F-01-6517 OWW/SMS P |
| Plaintiff, | **ORDER AFTER HEARING ON MOTIONS IN LIMINE** |
| **v.** | |
| **S. HOLLEY, R.N., et al.,** | Hearing: Oct. 21, 2005<br>Time: 1:30 p.m.<br>Judge: Hon. Oliver W. Wanger |
| Defendants. | Trial: November 15, 2005 |

18         THIS MATTER CAME ON regularly for hearing before the Hon. Oliver W. Wanger

19  presiding, on October 21, 2005, at 1:30 p.m. Plaintiff, inmate Amber Bray, appeared by

20  telephone from the California Correctional Women's Facility in Chowchilla. Defendant Holley

21  appeared through her counsel, Deputy Attorney General Robert L. Collins.

22         The Court directs the counsel for defendant to prepare a proposed written order, and to

23  lodge it with the Court within in five days and submit it to plaintiff for review. Plaintiff is

24  directed to review the proposed order, and submit any proposed modifications within 10 days of

25  the hearing date.

26  **PROCEDURAL MATTERS**:

27         At the request of defendant's counsel, pursuant to letters submitted to the Court dated

28  October 14, and 17, 2005, the Court considers the following procedural matters and rules as set

1  forth below.

2        Plaintiff previously filed a motion with the Court requesting the Court order the

3  appearance of two of her inmate witnesses, Brandita Taliano, and Sarah Mitchell.  The

4  Magistrate, having ordered that these two inmate witnesses may testify at trial, this Court will

5  issue an order to the Director of the California Department of Corrections and Rehabilitation to

6  produce inmates Sarah and Mitchell and Brandita Taliano for trial.

7        In the defendant's counsel's letters of October 14 and 17, 2005, counsel has requested

8  that plaintiff, who is representing herself and who will testify in her own behalf, not be allowed

9  to testify by giving a narrative statement.  Defendant requests the Court to issue an order that

10  plaintiff be required to proceed with her testimony by way of question and answer.  Under

11  Federal Rule of Evidence 611, testimony by a way of a narrative is inappropriate.  Therefore,

12  defendant's request is granted.  The Court cautions plaintiff to have her questions prepared so

13  that the testimony can proceed in an orderly manner.  When testifying, plaintiff will state her

14  question, pause briefly so that any objection can be made, if any, and then state her answer.

15  Plaintiff's testimony shall proceed in this fashion to its conclusion.

16        Plaintiff is also cautioned that her testimony, and the testimony of her witnesses, must

17  be based on personal knowledge of the witness.  In addition, plaintiff is cautioned not to illicit

18  hearsay or expert opinions concerning her medical condition from herself or her other lay

19  witnesses.

20        Plaintiff is also cautioned that as a pro se party representing herself, plaintiff is

21  expected to follow the Federal Rules of Civil Procedure, the Federal Rules of Evidence and

22  applicable law.

23        **<u>JURY INSTRUCTIONS</u>**:

24        The parties shall exchange proposed instructions and submit an original and one copy

25  of any jury instructions to the Court by November 10, 2005.  The Court intends to use the Ninth

26  Circuit Model Jury Instructions, and the parties may request to supplement those instructions as

27  desired.

28

1     **MOTIONS IN LIMINE**:

2     Plaintiff has filed a motion in limine to exclude her prior felony conviction and the

3 prior felony conviction of her two inmate witnesses, Brandita Taliano and Sarah Mitchell.

4 Defendant has filed opposition to this motion, and in addition, defendant has filed a request for

5 judicial notice of various documents with respect to plaintiff Bray, witnesses Taliano and

6 Mitchell, including abstracts of judgments, minute orders and probation reports, for each of the

7 three individuals.  Plaintiff Bray did not file an opposition to defendant's request for judicial

8 notice, and at the hearing states that she has no opposition.

9     The Court finds that adjudicated facts may be judicial noticed, and the facts regarding

10 the convictions of the three individuals are such adjudicated facts and are a proper subject for

11 judicial notice.  The Court also finds, based on the evidence submitted by defendant, that the

12 Penal Code section 187 conviction (first degree murder) with special circumstances involving a

13 crime for financial gain of each of the witnesses is a conviction which involves deceit and

14 dishonesty under Federal Rules of Evidence 609(a)(2).  Furthermore, the Court, having consider

15 the evidence submitted by defendant regarding plaintiff's felony conviction for violation of Penal

16 Code section 187 with special circumstances (financial gain), and the similar conviction for

17 Sarah Mitchell and Brandita Taliano, the Court finds that the probative value of such convictions

18 outweighs any potential prejudice.  Therefore, the convictions are admissible, and plaintiff's

19 motion is denied.

20     Plaintiff shall prepare a stipulation to be approved by defendant's counsel, setting forth

21 the nature, time and place of the murder conviction of each witness.  Defendant may inquire of

22 the witness into any details of the convictions only if the witness denies such conviction.

23     As to witness Taliano, the Court has also considered evidence submitted by defendant

24 of Taliano's prior convictions for forgery in 1981 and 1988, the 1991 conviction for receiving

25 stolen property and the conviction for use of false identity.  The Court finds that these crimes are

26 crimes involving deceit and dishonesty, and are admissible under Federal Rules of Evidence

27 609(a)(2).  The Court also finds that the probative value of this evidence outweighs any prejudice

28 to plaintiff.

**Defendant's Motions in Limine**:

1. Defendant filed a motion in limine to preclude plaintiff from offering evidence or references to other claims and lawsuits concerning defendant Holley.  Such evidence is evidence of prior bad acts, and is inadmissible under Federal Rule of Evidence Rule 404(b).  Other inmate claims or lawsuits against nurse Holley, to the extent that any exist, are inadmissible. Defendant's motion is granted.

2. Defendant filed a motion in limine to exclude evidence of orders, comments or recommendations by other courts concerning the California prison healthcare system.  Plaintiff states that she has no evidence of any such orders by other courts relevant to the California Correctional Women's Facility at Chowchilla relevant to the time period.  Defendant's motion is granted.  Plaintiff shall not present any evidence with respect to the California prison healthcare system in general.

3. Defendant filed a motion in limine to preclude plaintiff from eliciting  expert opinions from lay witnesses, including herself.  Defendant's motion is granted.  Plaintiff is cautioned not to use medical/legal terminology concerning diagnosis and treatment of plaintiff's conditions.  Plaintiff may describe her physical symptoms, which she physically experienced, but not offer her own testimony to render expert opinions.

4. Defendant filed a motion in limine to preclude plaintiff from offering hearsay testimony of witnesses.  That motion is granted.

5. Defendant filed a motion in limine to exclude newspaper articles or other hearsay statements which pertain to or which criticize the California Department of Corrections and Rehabilitation.  That motion is granted.

6. Defendant filed a motion in limine to exclude certain documentary exhibits expected to be offered by plaintiff.  As to each document identified by defendant, the Court rules as follows:

1. Proposed Exhibit 1 - Director's Level Appeal Decision dated January 2, 2002:

Plaintiff will be allowed to offer that portion of Exhibit 1, specifically on p. 3, with regard to nurse Holley, wherein the Director's Level decision states "The institution shall

1   appropriately address the allegations of staff misconduct by RN Holley." Plaintiff states that she

2   has no evidence that any investigation was conducted, and plaintiff has no evidence that there

3   was a finding of staff misconduct concerning nurse Holley.

4         2.   Proposed Exhibit 2 - Madera Community Hospital occurred 7/3/01 - left shoulder

5   arthogram. As to plaintiff's medical records, the Court shall allow plaintiff to introduce and use

6   her medical records relevant to her shoulder condition. Plaintiff is required to lay the foundation

7   that nurse Holley had access to the medical files and knowledge of plaintiff's condition. Plaintiff

8   and defendant's counsel shall meet and confer concerning the relevant records and pre-mark said

9   records.

10        As to defendant's request to exclude plaintiff's proposed Exhibit 2, the request is

11   granted in part. Plaintiff must lay the proper foundation that the exhibit was reviewed by nurse

12   Holley and has relevance to plaintiff's claim.

13        3.   Proposed Exhibit 3 - CDC memo dated 8/13/01 re: Appeal Log: The document is

14   not relevant, and exhaustion of administrative remedies is not at issue. Defendant's motion is

15   granted.

16        4.   Proposed Exhibit 4- Memo dated 7/17/01: Exhaustion of administrative remedies is

17   not at issue. The document is not relevant. Defendant's motion is granted.

18        5.   Proposed Exhibit 5 - Memo dated 8/21/01 - Second Level Appeal Response:

19   Defendant's request is granted in part. Plaintiff may introduce those portions of Exhibit 5 which

20   refer to any refusal of treatment by the emergency room nurse.

21        6.   Proposed Exhibit 6 - Madera Community Hospital Discharge Instructions dated

22   6/3/01:   Denied. Plaintiff is to prepare a written stipulation that her shoulder dislocation was

23   treated at Madera Community Hospital on June 3, 2001, and the dislocation was reduced at the

24   hospital.

25        7.   Proposed Exhibit 7 - Inmate Appeal Form 602 dated 6/4/01: Denied in part and

26   granted in part. Plaintiff may introduce those allegations in the appeal form specifically relevant

27   to nurse Holley. Plaintiff acknowledges that she is unaware of any evidence of a CDC finding of

28   misconduct on the part of nurse Holley.

1      8.  Proposed Exhibit 8 - Inmate Pass dated 6/1/01:  Denied.

2      9.  Proposed Exhibit 9 - Inmate Pass dated 6/2/01:  Denied.

3      10.  Proposed Exhibits 10-19 declarations of identified witnesses.  The defendant's

4  motion to exclude the declarations is granted.  All the declarations are hearsay statements.

5      11.  Proposed Exhibit 20 - Statement of Bernadine Bray:  Granted in part and denied in

6  part.  The plaintiff may offer a redacted version of Exhibit 20 into evidence.  Only that portion of

7  Exhibit 20 which demonstrates that a telephone call was made to the prison may be offered, but

8  not the content of the call.  Such evidence would be hearsay.  The exhibit is admitted for a

9  limited purpose on the issue of notice.

10     12.  Proposed Exhibit 21 - Declaration of Tom Bray:  Granted.  The document is

11  hearsay.  Mr. Bray is expected to testify at trial.

12     13.  Proposed Exhibit 22 - Inmate Request for Interview/Request for Medical Records

13  dated 10/25/01:  Defendant's motion is denied.  Regarding plaintiff's medical records, the Court

14  will admit the plaintiff's estimated 20-30 pages of medical records relevant to her shoulder

15  condition.  Plaintiff is required to lay the foundation that nurse Holley had access to the records,

16  reviewed them and was knowledgeable about plaintiff's condition.  Defendant's counsel has

17  agreed, and is ordered, to meet and confer with plaintiff to identify and pre-mark the medical

18  records relevant to plaintiff's shoulder condition.

19     14.  Proposed Exhibit 23 - E.R. Care Record dated 6/1/01:  Denied.  See order

20  referenced to proposed Exhibit 22.

21     15.  Proposed Exhibit 24 - Medical Report of Injury of Unusual Occurrence dated

22  6/1/01:  Denied.  See order relevant to proposed Exhibit 22.

23     16.  Proposed Exhibit 28 - Physician's Order dated 6/1/01:  Denied.  See order relevant

24  to proposed Exhibit 22.

25     17.  Proposed Exhibit 29 - MRI reported:  Denied.  See order relevant to proposed

26  Exhibit 22.

27     **ORAL MOTIONS IN LIMINE Re:  SETTLEMENT DISCUSSIONS**:

28     Defendant informs the court that prior to October 20, 2005, there had been no

1   settlement discussions between the parties.  However, the court is informed that settlement

2   discussions recently occurred on October 20, 2005.  Defendant orally makes a motion in limine

3   to preclude any evidence of settlement discussions and negotiations between the parties.

4            Under Federal Rules of Evidence 408, settlement negotiations or offers to compromise

5   are inadmissible to prove liability or the invalidity of the claim.  Defendant's motion is granted.

6   Neither party shall offer any evidence of settlement discussions.

7

8                                          **-o0o-**

9

10           **IT IS SO ORDERED:**

11

12   Dated:    11/8/2005                      /s/ OLIVER WANGER
                                              HONORABLE OLIVER W. WANGER
13

14

15

16

17   01cv6517.order.wpd

18

19

20

21

22

23

24

25

26

27

28